■ In the Matter of the Estate of JULIA M. HELD, Also Known as JULIA HUNGERFORD, Deceased. JAMES C. HUNGERFORD, Appellant; HERBERT J. DAVIS et al., Respondents. — In a proceeding by the executor of Julia M. Held, also known as Julia Hungerford, deceased, pursuant to statute (Surrogate's Ct. Act, § 145-a), to determine the validity of the notice filed by the testatrix' surviving spouse under section 18 of the Decedent Estate Law, in which he elected to take his intestate share of the estate, the said surviving spouse appeals, as limited by

his brief, from so much of a final decree of the Surrogate's Court, Dutchess County, entered September 26, 1963 after a nonjury trial upon the Surrogate's opinion (39 Misc 2d 1000), as adjudged the notice of election to be invalid and denied payment to him of an intestate share of the estate. Decree, insofar as appealed from, reversed on the law, with costs to all parties filing briefs, payable out of the estate; and the notice of election is declared to be valid and to entitle the surviving spouse to his intestate share of the testatrix' estate. No questions of fact have been considered. The separation agreement entered into by the testatrix and her surviving spouse, which contained a waiver and release of each party's right of election against the estate of the other, was not acknowledged or proved in the manner required for the recording of a conveyance of real property (Decedent Estate Law, § 18, subd. 9). The admission by the surviving spouse that he had signed the agreement was made after the testatrix' death; and such admission therefore does not constitute an acknowledgement within the meaning of the statute (Decedent Estate Law, § 18; *Matter of Warren*, 16 A D 2d 505, 508, affd. 12 N Y 2d 854). Since the separation agreement had not been acknowledged prior to the testatrix' death, and since the "question of whether a surviving spouse has a right to elect to take against the deceased spouse's will should be tested as of the time of the deceased's death" (*Matter of Warren, supra*), it follows that there was no proper waiver of the right of election and that the notice of election here was valid. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.